**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL KERCHERVAL, | No. 16-15698 |
| Petitioner-Appellant, | D.C. No. 1:15-cv-00845-SMS |
| v. | |
| RAFAEL ZUNIGA, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding[**]

Submitted May 8, 2017[***]

Before:     REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Miguel Kercherval appeals pro se from the district court's judgment denying

his 28 U.S.C. § 2241 habeas petition.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review the denial of a section 2241 petition de novo, *see Tablada v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Thomas*, 533 F.3d 800, 805 (9th Cir. 2008), and we affirm.

Kercherval challenges the Bureau of Prisons' ("BOP") calculation of his term of imprisonment. Kercherval was taken into custody by the U.S. Marshals Service on October 18, 2006. On December 17, 2007, he was sentenced to an 87-month term of imprisonment in the District of Nevada. On November 19, 2008, he was sentenced to a concurrent 188-month term of imprisonment in the Eastern District of California. He was committed to BOP custody on December 23, 2008. Kercherval acknowledges that the BOP aggregated his sentences and credited him with 427 days that he served in custody prior to the imposition of his Nevada sentence. However, Kercherval argues that the time between imposition of his first sentence and the day he arrived at a BOP institution should be counted as pretrial detention credit toward his second sentence. Contrary to his argument, Kercherval's Nevada sentence commenced when it was imposed, as did his Eastern District of California sentence. *See* 18 U.S.C. § 3585(b). Therefore, he is not entitled to receive any more pretrial credit than he did. *See id.*; *see also United States v. Wilson*, 503 U.S. 329, 337 (1992).

**AFFIRMED.**

16-15698